**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin PARRILLA, Defendant–Appellant.**

No. 96–30357.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 1997.*

Decided May 16, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Kris A. McLean, Assistant United States Attorney, Helena, MT, for plaintiff–appellee.

Daniel Donovan, Federal Defenders of Montana, Great Falls, MT, for defendant–appellant.

Before: WRIGHT, PREGERSON, and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case presents the issue whether a two-level sentence enhancement for possession of a gun during a drug-trafficking crime may be applied where the defendant presents evidence that he was entrapped into possessing the gun. We hold that the gun enhancement is not applicable where the defendant proves his sentencing entrapment claim by a preponderance of the evidence. Because the district court in the present case made no specific factual findings regarding the evidence of sentencing entrapment, we vacate the defendant's sentence and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

On April 15, 1996, a documented informant notified the Butte–Silver Bow Sheriff's Office that he had purchased cocaine from Defendant–Appellant Martin Parrilla ("Parrilla").

The Sheriff's Office then fitted the informant with a body wire and gave him $140 to buy more cocaine from Parrilla. The informant made a second purchase of cocaine from Parrilla later the same day.

On April 17, 1996, the Sheriff's Office and a special agent from the Bureau of Alcohol, Tobacco, and Firearms again fitted the informant with a body wire. This time, they gave the informant a nine-millimeter Llama handgun to trade with Parrilla for more cocaine. The government contends that Parrilla asked the informant for a gun to sell to Parrilla's gang friends in Billings. Parrilla, on the other hand, denies any gang connections and contends that it was the informant who proposed bringing a gun into the trade. The transcripts of the April 15 and April 17 body wire recordings do not contain any audible portions that confirm either party's explanation for the gun.

It is undisputed, however, that on April 17, 1996, the informant successfully traded the nine-millimeter LLama handgun for approximately 1.4 grams of cocaine from Parrilla. Later that day, police officers executed a search warrant at Parrilla's residence. The officers found the gun, cocaine, drug paraphernalia, and $905 in cash. Parrilla was taken into custody.

On May 16, 1996, Parrilla was indicted in the United States District Court for the District of Montana on three counts: two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of using or carrying a gun during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). On June 21, 1996, Parrilla moved to dismiss the gun count on grounds of entrapment as a matter of law. The district court took Parrilla's motion under advisement until time of trial.

The parties reached a plea agreement before trial, however, with the result that Parrilla never presented his entrapment defense. Instead, Parrilla pleaded guilty to the two counts of cocaine distribution; and the government filed a motion to dismiss the gun count, which the district court granted.

At Parrilla's sentencing hearing on November 14, 1996, the government recommended a two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a gun during a drug-trafficking crime. Parrilla argued that the gun enhancement was inapplicable because he had been entrapped into possessing the gun. Parrilla alternatively argued that if the gun enhancement were to be applied, it should be offset with a downward departure for sentencing entrapment. The district court rejected both of Parrilla's arguments and adopted the government's recommendation, resulting in a total offense level of twelve and a sentencing range of fifteen to twenty-one months in prison. See U.S.S.G. Sentencing Table. The court sentenced Parrilla to eighteen months in prison and three years of supervised release.

Parrilla timely appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Robinson,* 94 F.3d 1325, 1327 (9th Cir.1996). We review for abuse of discretion the district court's application of the Sentencing Guidelines. *Id.* We review for clear error the district court's findings of fact underlying the sentencing decision. *Id.*

## ANALYSIS

Sentencing Guideline § 2D1.1(b)(1) provides: "If a dangerous weapon (including a firearm) was possessed [during a drug-trafficking crime], increase by 2 levels." Application Note 3 to § 2D1.1 explains: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

In the present case, Parrilla does not deny that in trading cocaine for a gun in the April 17 transaction, he "possessed" a gun within the meaning of § 2D1.1(b)(1). The plain language of the guideline thus appears to require a two-level enhancement of Parrilla's sentence. The guideline, however, fails

to address sentencing entrapment as asserted by Parrilla.

▮ Sentencing entrapment occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994) (quoting *United States v. Stuart*, 923 F.2d 607, 614 (8th Cir.1991)). Before the enactment of the Sentencing Guidelines, a court could prevent sentencing entrapment by exercising its discretion to ensure that a given sentence reflected the defendant's criminal predisposition and culpability. *Id.* Under the determinate system of the Sentencing Guidelines, however, a court has far less latitude in sentencing. *Id.* at 1107. As a result, we now face "the unfairness and arbitrariness of allowing drug enforcement agents to put unwarranted pressure on a defendant in order to increase his or her sentence without regard for his predisposition, his capacity to commit the crime on his own, and the extent of his culpability." *Id.* In this context, "courts can ensure that the sentences imposed reflect the defendants' degree of culpability only if they are able to reduce the sentences of defendants who are not predisposed to engage in deals as large as those induced by the government." *Id.*

▮ We have previously identified two alternative remedies for sentencing entrapment. First, a sentencing court may decline to apply the statutory penalty provision for the greater offense that the defendant was induced to commit, and instead apply the penalty provision for the lesser offense that the defendant was predisposed to commit. *See, e.g., United States v. Ramirez–Rangel*, 103 F.3d 1501, 1507–08 (9th Cir.1997) (holding that defendants entrapped into trading methamphetamine for machine guns instead of ordinary guns should be sentenced in accordance with the five-year mandatory minimum for use of ordinary guns, not the thirty-year mandatory minimum for use of machine guns). Second, a sentencing court may exercise its discretion to depart downward from the sentencing range for the greater offense that the defendant was induced to commit. *See, e.g., Staufer*, 38 F.3d at 1108 (holding

that sentencing entrapment is a proper ground for downward departure where defendant was not predisposed to engage in drug transaction of magnitude for which he was convicted).

In the present case, Parrilla offers alternative arguments for each type of remedy. First, he argues that the district court should never have applied the gun enhancement provision of § 2D1.1(b)(1). Second, he argues that once the district court chose to apply the gun enhancement, the court should have granted a downward departure to offset the enhancement. We need not determine, for the sake of Parrilla's second argument, whether the district court's refusal to depart downward is reviewable. *See United States v. Eyler*, 67 F.3d 1386, 1390 n. 5 (9th Cir. 1995) ("Generally, a district court's refusal to grant a discretionary departure is not reviewable on appeal."). Instead, we resolve Parrilla's appeal on the basis of his first argument: his contention that the gun enhancement provision should not have been applied in the first place.

We hold that if Parrilla was entrapped into trading cocaine for a gun, then the doctrine of sentencing entrapment precludes application of the two-level gun enhancement under § 2D1.1(b)(1). Our holding rests upon the basic principle that a defendant's sentence should reflect "his predisposition, his capacity to commit the crime on his own, and the extent of his culpability." *Staufer*, 38 F.3d at 1107.

▮ Parrilla bears the burden of proving sentencing entrapment by a preponderance of the evidence. *See United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir.1995) (noting that defendant bears burden of proof to demonstrate lack of predisposition for sentencing entrapment claim); *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir.1993) (stating that "[t]he sentencing court determines facts relevant to sentencing by a preponderance of the evidence"). The district court, on the other hand, has the obligation to make "express factual findings" as to whether Parrilla has met his burden of proof. *Naranjo*, 52 F.3d at 250.

128

The government contends that the district court properly considered and rejected Parrilla's evidence of sentencing entrapment at the sentencing hearing. At the hearing, the district court initially remarked that "according to the presentence [report]— this defendant said he could sell guns in Billings—handguns. And so then the informant took this gun out of the police station in Butte and sold it to—traded drugs for the gun." However, the district court then asked Parrilla's counsel if these assertions in the presentence report were not accurate. Parrilla's counsel responded that "those statements were not on tape, so we dispute those"; and asked the district court to examine the evidence on the body wire recordings that Parrilla had no prior experience with guns. The court then asked whether Parrilla had grown up in a place where guns were commonly used. There was no further discussion of any evidence as to whether Parrilla was predisposed to dealing with guns; and the district court never drew any explicit conclusions about the factual support for Parrilla's sentencing entrapment claim.

Because nothing in the record shows that the district court considered all the relevant evidence or made the required findings to reject Parrilla's sentencing entrapment claim, the record is not sufficiently developed to show whether the district court properly applied the gun enhancement. Accordingly, we vacate Parrilla's sentence and remand to the district court for reconsideration of the evidence relating to Parrilla's sentencing entrapment claim. *See Naranjo*, 52 F.3d at 251 (vacating sentence and remanding for resentencing where "[b]ecause the district court provided no factual findings on the record, we are unable to ascertain what facts it relied upon in finding that Naranjo did not adequately prove sentencing entrapment").

On remand, the district court should conduct further proceedings as may be necessary to enable it to make appropriate findings to resolve the factual dispute whether Parrilla was entrapped into possessing the gun. If the district court finds that Parrilla was entrapped into possessing the gun, then the two-level gun enhancement under § 2D1.1(b)(1) would not be applicable and prompt resentencing would be required to bring Parrilla's sentence within the range of ten to sixteen months. *See* U.S.S.G. Sentencing Table. If, on the other hand, the district court finds that Parrilla was not entrapped, then the two-level enhancement was properly applied and Parrilla's original sentence should be reinstated.

### CONCLUSION

A two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a gun during a drug-trafficking crime is not applicable where the defendant shows by a preponderance of the evidence that he was entrapped into possessing the gun. In Parrilla's case, the district court applied the gun enhancement without making any factual findings regarding the evidence of sentencing entrapment. Therefore, we vacate Parrilla's sentence and remand for further proceedings as may be necessary to enable the district court to make appropriate findings to resolve the factual dispute whether sentencing entrapment occurred.

VACATED and REMANDED.