124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MARTINEZ-JACINTO, aka David Santana-Lopez, Defendant-Appellant.
 No. 96-30186.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-95-95759-01-RJB; Robert J. Bryan, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Martinez-Jacinto appeals his mandatory minimum sentence of 120 months for conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Martinez-Jacinto contends that the district court erred in finding that he conspired to distribute more than 5 kilograms of cocaine. Martinez-Jacinto further contends that the district court erred in finding that the government did not engage in sentencing entrapment. These contentions lack merit.
 
 
 4
 We review for abuse of discretion the district court's application of the sentencing guidelines. See United States v. Parrilla, 114 F.3d 124, 126. (9th Cir.1997) We review for clear error the district court's factual findings underlying a sentencing decision. See id.
 
 
 5
 In a reverse sting operation such as the instant case, the quantity of drugs the defendant contracted to buy determines the offense level except if "the defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance. See U.S.S.G § 2D1.1, Application Note 12 (1995); see also United States v. Frazier, 985 F.2d 1001, 1002 (9th Cir.1993).
 
 
 6
 Following an evidentiary hearing, the district court found that the conspiracy involved in excess of five kilograms of cocaine, not the fifty kilograms urged by the government. The district court's finding was not clearly erroneous. See United States v. Barnes, 993 F.2d 680, 681-683 (9th Cir.1993). The indictment to which Martinez-Jacinto pleaded guilty explicitly stated that the conspiracy to distribute cocaine "involved five (5) kilograms or more of a mixture and substance containing cocaine." Further, Martinez-Jacinto's agreement to a factual finding in his written plea agreement that "when the CI mentioned a possible 50 kilogram deal, [Martinez-Jacinto] agreed to help distribute the cocaine" supports the district court's finding that at least 5 kilograms were involved. The district court's finding is also supported by Martinez-Jacinto's testimony at the sentencing hearing that he had previously purchased cocaine from his co-conspirator, that his co-conspirator generally charged him $19,000 to $20,000 per kilogram, and that he and his co-conspirator had discussed raising $100,000 to $200,000 to purchase the cocaine involved in this offense. See United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993) (timing and nature of defendant's activities may provide basis for finding re quantity). Accordingly, the district court's finding that the quantity of drugs involved in the conspiracy was at least 5 kilograms was not clearly erroneous. See id. at 966-67.
 
 
 7
 Further, the district court's finding that the government did not engage in sentencing entrapment was not clearly erroneous.[1] See United States v. Parrilla, 114 F.3d 124, 127 (9th Cir.1997) "Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." See id. "In making a sentencing entrapment claim, the burden is on the defendant to demonstrate both the lack of intent to produce and the lack of the capability to produce the quantity of drugs at issue." See United States v. Naranjo, 52 F.3d 245, 250, n. 13 (9th Cir.1995) (citations omitted).
 
 
 8
 Here, the evidence showed that Martinez-Jacinto was a willing participant in the conspiracy to distribute at least 5 kilograms of cocaine. He willingly discussed the transaction with his co-conspirator, willingly traveled from Mexico to Tacoma to complete the transaction, and willingly discussed the transaction with the agents. Martinez-Jacinto did not meet his burden of showing that he lacked the intent or capability to participate in a conspiracy involving at least 5 kilograms. See id. In light of this evidence, and in light of the district court's finding that the amount involved was 5 kilograms and not 50 kilograms, the district court did not clearly err in finding that the government did not engage in sentencing entrapment.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Martinez-Jacinto's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 As the government asserts, the discretionary refusal of a downward departure for sentencing entrapment is ordinarily not reviewable. See United States v. Lopez, 106 F.3d 309, 310 (9th Cir.1997). However, a finding of sentencing entrapment may also be the basis for reducing the quantity of drugs involved and applying the penalty provision for a lesser offense. See U.S.S.G. 2D1.1, Application Note 12; see also Parrilla, 116 F.3d at 127. Accordingly, we review the district court's finding regarding sentencing entrapment