125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
E. Lane SCRANTON, Defendant-Appellant.
 No. 96-50628.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Central District of California, Laughlin E. Waters, District Judge, Presiding; No. CR-95-01091-LEW(02).
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 E. Lane Scranton appeals his 57-month sentence imposed following his guilty plea to aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part and remand.
 
 
 3
 We review the district court's findings of fact underlying a sentencing decision for clear error. See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). We review the district court's application of the United States Sentencing Guidelines ("U.S.S.G.") to the facts for an abuse of discretion. See id.
 
 
 4
 Scranton contends that the district court erred by refusing to grant a two-level downward adjustment pursuant to U.S.S.G. § 3B1.2(b) for his minor role in the offense. This contention lacks merit.
 
 
 5
 Section 3B1.2(b) of the Guidelines provides a two-level downward adjustment in offense level for a defendant who was a "minor participant" in the offense. See United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.3) (1995); see United States v. Benitez, 34 F.3d 1489, 1497 (9th Cir.1994). To receive a minor role adjustment, the defendant must be "substantially" less culpable than his co-participants. See Benitez, 34 F.3d at 1498. The defendant must prove entitlement to a minor role adjustment by a preponderance of the evidence and the adjustment should be granted "only in exceptional circumstances." United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994).
 
 
 6
 Here, Scranton drove his co-defendant to the bank that was robbed, covered the license plate of the car, and drove his co-defendant away from the bank after the robbery. The district court's finding that, under the facts of this case, Scranton was a "co-equal participant" in the bank robbery and thus not a "minor participant" was not clearly erroneous. See Pinkney, 15 F.3d at 828 (stating that the district court did not clearly err by finding defendant was not a minor participant where defendant drove getaway car, transported checks to his home, and intended to benefit from cashing checks).
 
 
 7
 Scranton also contends that the district erred by enhancing his sentence by two levels pursuant to U.S.S.G. § 2B3.1(b)(2)(F) because his co-defendant made an "express threat of death" during the offense. The Guidelines mandate a two-level increase in a defendant's base offense level "if an express threat of death was made" during a robbery. U.S.S.G. § 2B3.1(b)(2)(F) (1995). The enhancement should be imposed for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. 1B1.3(a)(1)(B); see United States v. Zelaya, 114 F.3d 869, 871 (9th Cir.1997). A district court's determination that an express threat of death was reasonably foreseeable must be based on the "particular facts and circumstances of the underlying bank robbery" rather than on "observations about bank robberies in general." Zelaya, 114 F.3d at 871-72 (stating that district court erred by imposing enhancement on getaway car driver where his co-defendant in bank robbery made death threat).
 
 
 8
 Here, Scranton's co-defendant made the death threat during the bank robbery while Scranton waited in the car. The district court in this case sentenced Scranton without the benefit of our decision in Zelaya. Accordingly, we vacate the sentence and remand to the district court for resentencing in light of Zelaya. We expressly limit the remand to consideration of the single sentencing issue of whether the enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(F) should be imposed in light of Zelaya. See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994).
 
 
 9
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3