127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United STATES of America, Plaintiff-Appellee,
v.
Alvin Moore, aka Shahid Mutee, Defendant-Appellant.
 No. 97-10018.
 United States Court of Appeals, Ninth Circuit.
 Oct. 24, 1997.
Submitted Oct. 20, 1997**
MEMORANDUM*
 
 Appeal from the United States District Court for the District of Arizona
 Robert C. Broomfield, District Judge, Presiding
 Before: THOMPSON, T.G. Nelson, and KLEINFELD, Circuit Judges.
 
 BROOMFIELD
 
 1
 Alvin Moore appeals his conviction and his 264-month sentence following a jury trial on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Moore contends that the district court erred in admitting eight bullets at trial because the bullets were not separately identified and authenticated. This contention lacks merit.
 
 
 3
 We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Harrinqton, 923 F.2d 1371, 1374 (9th Cir.1991). The requirement that evidence be authenticated "is satisfied by evidence sufficient to support a findirg that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); see Harrington, 923 F.2d at 1374. In the absence of any evidence of tampering, it is presumed that public officers properly discharge their official duties. See id. (citation omitted); cf. United States v. Dickerson, 873 F.2d 1181, 1184-85 (9th Cir.1988) (stating that where evidence of tampering exists, government must establish that acceptable precautions were taken to maintain the evidence in its original state). A possible break in the chain of custody goes only to the weight of the evidence. See Harrington, 923 F.2d at 1374 (citations omitted).
 
 
 4
 Here, the district court admitted eight bullets, six of which were found in a gun outside Moore's car and two of which were found in Moore's pocket during the booking process at the police station. The police officer who found the six bullets in the gun testified that he put those bullets along with two bullets found in Moore's pocket in the same evidence bag and that the bullets were indistinguishable. Accordingly, the district court did not abuse its discretion by admitting the bullets. See id. (stating that the possibility of a break in the chain of custody goes only to the weight of the evidence)
 
 
 5
 Moore also contends that there was insufficient evidence that Moore possessed the firearm. We disagree.
 
 
 6
 A conviction is supported by substantial evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted) A conviction for being a felon in possession of a firearm does not require proof of exclusive actual possession. See United States v. Bernard, 48 F.3d 427, 429-30 (9th Cir.1995). While mere presence does not establish possession, proof of constructive or joint possession is sufficient. See id. Further, possession can be prcven by circumstantial evidence. See id.
 
 
 7
 Here, a firearm was found by police on the ground outside the driver's side of the car Moore was driving after Moore had fled from the car. Two bullets which matched the bullets contained in the gun were later found in Moore's pocket. Although Moore's theory that the gun belonged to the passenger of the car is plausible, "after viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.
 
 
 8
 Finally, Moore contends that the district court erred by not applying United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) to run his entire federal sentence concurrently with his undischarged state sentence. This contention also lacks merit.
 
 
 9
 We review the district court's findings of fact underlying a sentencing decision for clear error. See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. The Sentencing Guidelines provide that if:
 
 
 10
 the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
 
 
 11
 U.S.S.G. § 5G1.3(b) (1995); United States v. Drake, 49 F.3d 1438, 1439 (9th Cir.1995). "Section 5G1.3(b) was adopted to address the unfairness that would result from receiving a second sentence for activities that were considered as relevant conduct in a prior proceeding." United States v. Kimble, 107 F.3d 712, 714-15 (9th Cir.) (citation and internal quotations omitted), cert. denied, 117 S.Ct. 2471 (1997).
 
 
 12
 Here, Moore faced both state and federal charges as a result of the same incident. The State of Arizona charges arose from his flight from police officers and from giving a false name to police officers. Moore was sentenced to eight years of prison on the state charges. The federal charges were for being a felon in possession of a firearm with an enhancement as an armed career criminal pursuant to 18 U.S.C. § 924(e). The district court's finding that the state offenses underlying the undischarged prison term had not been fully taken into account in the determination of the offense level in the instant offense was not clearly erroneous. Thus, the district court properly concluded that U.S.S.G. § 5G1.3(b) does not require the federal sentence to run concurrently with the state sentence in this case. See Kimble, 107 F.3d at 714-15 (noting that U.S.S.G. § 5G1.3(b) does not govern sentencing where the defendant's state offenses are not fully oaken into account in determining the defendant's offense level)
 
 
 13
 ALternatively, the district court sentenced Moore as an armed career criminal so that the conduct underlying Moore's state offense's had no impact on his offense level. The probation officer calculated two separate offense levels in the presentence report. The first computation did not consider the armed career ncriminal provisions and resulted in a base offense level of 24 with a two-level adjustment for obstruction of justice. The adjustment for obstruction of justice was based on Moore's flight from a law enforcement officer. The second computation was based on the armed career criminal provisions and resulted in an offense level of 33. This latter computation did not include an adjustment for obstruction of justice. Accordingly, the district court did not err by imposing a sentence that runs consecutively to Moorenn's state sentence.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3