131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
WILLIAM KENNETH ALLEN, Defendant-Appellant.
 No. 97-50134
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Central District of California Laughlin E. Waters, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 WATERS.
 
 
 3
 William Kenneth Allen appeals his 18-month sentence imposed following his guilty plea to making a false statement in violation of 18 U.S.C. § 1014. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review de novo the district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G."). See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). We review the district court's application of § he Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id.
 
 
 5
 Allen contends that his prior conviction that was set aside pursuant to California Penal Code section 1203.4 should be considered "expunged" and thus not counted in his criminal history score in accordance with U.S.S.G. § 4A1.2(j). This contention lacks merit because convictions that have been "set aside" for reasons "unrelated to innocence or errors of law" are to be counted in computing criminal history. U.S.S.G. § 4A1.2, comment. (n. 10) (1995). Under California law the dismissal of a conviction under section 1203.4 does not indicate that the defendant is innocent. See Adams v. County of Sacramento, 1 Cal.Rptr.2d 138, 141 (Cal.Ct.App.1991) (citation omitted). Further, set aside convictions can be used to enhance punishment in subsequent prosecutions. See id.; Cal.Penal Code § 1203.4 (1996).
 
 
 6
 Accordingly, the district court properly counted the conviction in calculating Allen's criminal history. See U.S.S.G. § 4A1.2, comment. (n. 10).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3