131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne GORDON, Defendant-Appellant.
 No. 97-30023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1997.
Decided Nov. 26, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CR-96-00360-1-TSZ; Thomas S. Zilly, District Judge, Presiding.
 
 
 2
 Before: SCHROEDER, BEEZER, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Wayne Gordon appeals the sentence imposed following his guilty plea to one count of persuasion, enticement, inducement, and coercion of persons to travel for: purposes of prostitution, in violaticn of 18 U.S.C. § 2422. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 The district court adopted the facts found in the presentence report. In the fall of 1995, four Canadian women were working for Gordon as prostitutes in Toronto, Canada. In November 1995, Gordon decided to take the women to the United States to work as prostitutes for him in Las Vegas, Nevada. Gordon arranged for their travel through Vancouver, Canada, through Seattle, Washington, to Las Vegas, Nevada. In Las Vegas, the women continued to work as prostitutes for Gordon, and they gave him their earnings from prostitution. On December 22, 1995, Gordon was arrested. On January 29, 1996, Gordon was charged in Clark County District Court, Nevada, with the crime of living off the earnings of a prostitute. On April 12, 1996, Gordon was sentenced to 13 to 33 months in Nevada state custody.
 
 
 6
 On May 16, 1996, Gordon was indicted in the Western District of Washington on a four-count indictment charging him with, among other tings, persuasion or entitlement to travel for purposes of prostitution. On September 13, 1996, Gordon pled guilty to that count of the indictment pursuant to a plea agreement in which the United States agreed to dismiss the other three counts.[1]
 
 
 7
 Gordon asserts that the district court erred by determining that his prior Nevada conviction for living off the earnings of a prostitute was not part of the instant offense under U.S. Sentencing Guidelines § 4A1.1. Because of this determination, the distric: court placed Gordon in Criminal History Category II, rather than in Category I.
 
 
 8
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Parilla, 114 F.3d 124, 126 (9th Cir.1997). We review for clear error a district court's findings of fact underlying the sentencing decision. Id. We review a district court's application of the Sentencing Guidelines to the facts for abuse of discretion. Id.
 
 
 9
 Under the applicable guideline the term "prior sentence" is defined as: "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G § 4A1.2(a)(1) (1995). Application Note 1 to this section states that "conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1b1.3 (Relevant Conduct)." Id. at App. n. 1.
 
 
 10
 In United States v. Buchanan, we held that a state conviction that resulted "from a discrete, identifiable illegal act that is not an integral part of the federal offense conduct" did not fall within the meaning of "relevant conduct." 59 F.3d 914, 918 (9th Cir.1975). In other words, in order to determine whether a sentence should be considered a "prior sentence" for the purposes of § 4A1.2(a)(1), a court compares the elements of the prior offense with those of the offense for which the defendant is being sentenced. This is purely a legal analysis. A court also considers the defendant's actual conduct in the prior offense with that charged in connection with the offense for which the defendant is being sentenced. The fact that, for example, both Gordon's state conviction and his federal conviction involve prostitution and common actors does not, necessarily make them part of the same offense. See United States v. Scarano, 975 F.2d 580, 588 (9th Cir.1992) (defendant's prior convictions for mail fraud, unlawful structuring of currency transaction, and subscribing to false tax returns were not part of federal offense of filing false Social Security claim although all offenses involved fraud based on the same staged accident).
 
 
 11
 In the instant case, Gordon's Nevada offense of living off the earnings of a prostitute is not an integral part of his federal offense of persuasion, enticement, inducement, and coercion of persons to travel for purposes of prostitution. For purposes of the federal offense, Gordon did not have to accept money from the proceeds of prostitution as he did for the Nevada offense Compare 18 U.S.C. § 2422 with Nev.Rev.Stat. § 201.320 (1995). Moreover, Gordon completed the instant offense by persuading the three women to travel from Canada to the United States a month before he completed the Nevada offense by receiving the prostitution proceeds earned by one of those women.
 
 
 12
 "[B]ecause there is an insufficient degree of similarity and connection between the state and federal offenses[,]" Gordon's prior state conviction does not qualify as relevant conduct to the instant offense under U.S.S.G. § 1B.3 Buchanan, 59 F.3d at 918. The dis:rict court properly placed Gordon in Criminal History Category II.
 
 AFFIRMED
 
 
 **
 The Honorable William W. Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In the plea agreement, Gordon acknowledged the accuracy of the factual basis for his guilty plea
 In November of 1995, I knowingly persuaded, induced, enticed, and coerced Kristina Lobermayer, Amber Vanasse, and Betty Letain [three of the women working for Gordon as prostitutes] to travel in foreign and interstate commerce in order to engage in prostitution. I arranged transportation for them to enter the United States from Canada, and on November 20, 1995, I entered the United States from Canada with them, crossing the border at Sumas, Washington. Later the same day I traveled on an airplane with them from Seattle, Washington, to Las Vegas, Nevada. The purpose of the travel from Canada through Washington and to Nevada was for them to engage in prostitution in Las Vegas.
 (Plea Agreement, p 6.)