132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Myles RUCKER, Defendant-Appellant.
 No. 97-50154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 LLoyd Myles Rucker appeals his 21-month sentence imposed following his guilty plea to mail fraud in violation of 18 U.S.C. § 1341 and witness tampering in violation of 18 U.S.C. § 1512(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the United States Sentencing GuideLines ("U.S.S.G."). See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id.
 
 
 4
 Rucker contends that the district court erred by ordering that twelve months of Rucker's 21-month sentence run consecutively to the federal sentence which he was already serving. Specifically, Rucker contends that the district court erred by not including a two-level downward adjustment for acceptance of responsibility when determining a reasonable incremental punishment pursuant to the commentary to U.S.S.G. § 5G1.3. These contentions lack merit.
 
 
 5
 Section 5G1.3 of the Guidelines governs the sentencing of a defendant who is already subject to an undischarged term of imprisonment. Where, as here, the district court is not required to impose a consecutive or concurrent sentence pursuant to U.S.S.G. §§ 5G1.3(a) or (b), the sentence imposed shall run consecutively to the prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." United States v. Redman, 35 F.3d 437, 438-39 (9th Cir.1994) (internal quotations omitted); U.S.S.G. § 5G1.3(c) (1994).[1] Under the commentary to the 1994 Guidelines, a reasonable incremental punishment is one that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed had all of the offenses been sentenced at the same time. See Redman, 35 F.3d at 439; U.S.S.G. § 5G1.3, comment, (n.3) (1994). The district court "must attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology" although it may ultimately impose a different sentence. Redman, 35 F.3d at 441.
 
 
 6
 The district court in this case followed the commentary methodology and determined that Fucker's offense level would be 24 if he had been sentenced at the same time for all of his offenses. Rucker claims that in determining his offense level under the commentary methodology, the district court should have applied a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because he accepted responsibility in the instant case. The district court properly declined to adjust downward for acceptance of responsibility in applying the commentary methodology. If Rucker had beer sentenced at the same time for all of his offenses, he would be ineligible for the acceptance of responsibility adjustment because he did not accept responsibility for his prior conviction. See United States v. Ginn, 87 F.3d 367, 370-71 (9th Cir.1991) (stating that "a defendant is not entitled to an adjustment when he does not accept responsibility for all of the counts of which he is convicted' ").
 
 
 7
 To the extent that Rucker suggests that Ginn was wrongly decided, we cannot reconsider or overrule the decision of a prior three-judge panel. See United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The parties agree that the district court properly applied the 1994 version of the Guidelines