132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo ACOSTA-DOMINGUEZ, Defendant-Appellant.
 No. 96-10040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-00302-WDB; William D. Browning, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernardo Acosta-Dominguez appeals his 60-month sentence imposed following his guilty plea conviction for conspiracy to distribute marijuana and possession with intent to distribute marijuana (21 U.S.C. §§ 841(b)(1)(C), 846). Acosta-Dominguez contends that the district court erroneously calculated his sentence based on 500 pounds of marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's findings of fact underlying the sentencing decision, see United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997), and affirm.
 
 
 3
 Acosta-Dominguez contends that the district court failed to state its reasons for imposition of his sentence. We disagree. The district court stated that the amount of marijuana contemplated by the conspiracy was 500 pounds based on U.S.S.G. § 2D1.1, comment. (n.12) and the production of money at the time of the transaction. These statements provided sufficient reasons for imposing Acosta-Dominguez's sentence. See 18 U.S.C. § 3553(c); see also U.S. v. Lockard, 910 F.2d 542, 546 (9th Cir.1990).
 
 
 4
 Acosta-Dominguez also contends that he cannot be held responsible for 500 pounds of marijuana because (1) he could not conspire with a government agent, and (2) to the extent other members of the conspiracy possessed 500 pounds of marijuana, Acosta-Dominguez could not reasonably foresee this amount. This contention is meritless because the district court did not clearly err by finding that the scope of the entire conspiracy involved 500 pounds of marijuana and was attributable to Acosta-Dominguez. See U.S.S.G. § 2D1.1, comment. (n.12) (1995); see also U.S. v. Taren-Palma, 997 F.2d 525, 532 (9th Cir.1993) (per curiam).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3