134 F.3d 380
 81 A.F.T.R.2d 98-528
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Udoma Julius OBI, Defendant-Appellant.
 No. 97-10089.
 United States Court of Appeals, Ninth Circuit.
 Jan. 15, 1998.**
 
 Before BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 WANGER, District Judge.
 
 
 3
 Udoma Julius Obi appeals his 12-month sentence imposed following his guilty plea to conspiracy to file false claims for tax refunds in violation of 18 U.S.C. § 286. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review de nova the district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G."). See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id.
 
 
 5
 Obi contends that the district court erred by refusing to grant a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. This contention lacks merit.
 
 
 6
 The Guidelines provide a two-level reduction in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (1995); United States v. Rutledge, 28 F.3d 998, 1001 (9th Cir.1994). "A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3) (1995); Rutledge, 28 F.3d at 1001-03 (concluding that district court did not err in denying defendant acceptance of responsibility reduction where defendant denied relevant conduct which the district court determined to be true).
 
 
 7
 Here; Obi accepted responsibility for filing false tax returns in the names of Ubi Odoma and Udoma J. Obi but denied knowledge as to who filed false tax returns for other individuals. Because there was ample evidence that Obi was responsible for filing the additional returns, the district court properly concluded that Obi falsely denied the relevant conduct regarding those returns. Thus, the district court did not err by finding that Obi was ineligible for a downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.3) (1995); Rutledge, 28 F.3d at 1001-03.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3