UNITED STATES of America,
Plaintiff—Appellee,

v.

Zachary Dion ARNOLD, aka Zachary
Dickson aka Zachary Montague;
"Dog," Defendant—Appellant.

No. 01–10251.
D.C. No. CR–00–00223–SRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided April 18, 2002.*

Before O'SCANNLAIN and
TALLMAN, Circuit Judges, and KING,**
District Judge.

MEMORANDUM ***

Zachary Arnold appeals from the judg-
ment of conviction entered after a jury

---

* Special Session held at Stanford University
Law School.

** Honorable Samuel P. King, Senior United
States District Judge for the District of Ha-
waii, sitting by designation.

*** This disposition is not appropriate for publi-

found him guilty of two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He challenges the legality of his conviction and his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ Arnold first contends that the district court erred in denying his Rule 29 motion for judgment of acquittal based on his proof of the defense of entrapment. Because there were conflicting assertions of fact relevant to the entrapment issue, the resolution of which was a credibility question for the jury, *see United States v. Griffin,* 434 F.2d 978, 981 (9th Cir.1970), we are precluded from determining, as a matter of law, that the Government entrapped Arnold, *see United States v. Davis,* 36 F.3d 1424, 1430–31 (9th Cir. 1994). We therefore affirm the district court's denial of Arnold's Rule 29 motion for acquittal.[1]

Arnold also contends that the district court erred in denying his request for a downward departure based on sentencing entrapment. We may not review a district court's discretionary refusal to depart downward from the Sentencing Guidelines. *See United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001). We may, however, review the district court's factual findings in the sentencing phase for clear error. *See United States v. Fox,* 189 F.3d 1115, 1118 (9th Cir.1999), *cert. denied,* 528 U.S. 1098, 120 S.Ct. 841, 145 L.Ed.2d 707 (2000). There is no evidence of error, however, in this case. The district court considered the relevant evidence it heard at trial and made the factual findings necessary to reject Arnold's sentencing entrapment de-

'fense. *See United States v. Parrilla,* 114 F.3d 124, 127–28 (9th Cir.1997) (holding that the sentencing court must make "express factual findings" on the record regarding the defendant's burden of proof). We therefore affirm the sentencing decision.

■ Next, Arnold argues that he was denied the right to a fair trial when, without objection, a deputy marshal escorted him to the stand and sat directly behind him near a door leading to a hallway outside of the courtroom while he testified. Under the plain error doctrine, Arnold is unable to demonstrate an error as any inherent prejudice that may have resulted from the security measures taken in this case were neutralized by the district court judge's immediate curative instruction. *See Holbrook v. Flynn,* 475 U.S. 560, 567, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) (holding that while excessive security measures may violate an accused's constitutional right to a fair trial, not every security arrangement singling out the accused is unconstitutional); *United States v. Milner,* 962 F.2d 908, 911–12 (9th Cir.1992) (holding that the district court judge's curative instruction sanitized his inappropriate comments regarding the security measures taken on behalf of the defendant).

■ Fourth, Arnold contends he was denied the right to a fair trial when the district court refused to excuse a prospective juror and then refused to grant Arnold's motion to strike the juror for cause. The district court judge was in the best position to evaluate whether the juror's scheduling conflict formulated a legal basis

---

cation and may not be cited to or by the courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

1. Arnold also contends in this context that the Government's conduct was so outrageous that it violated due process principles. There is no evidence in the record, however, warranting a reversal of conviction on this ground. *See United States v. Bonanno,* 852 F.2d 434, 437–38 (9th Cir.1988); *United States v. Reynoso–Ulloa,* 548 F.2d 1329, 1338–39 (9th Cir. 1977).

upon which to excuse him from jury service. *See United States v. Beard,* 161 F.3d 1190, 1194 (9th Cir.1998) (quoting *United States v. Egbuniwe,* 969 F.2d 757, 761 (9th Cir.1992)) (internal quotations omitted). Because the district court concluded that the juror could adequately deliberate in spite of the conflict, it was not an abuse of discretion to refuse to excuse him and to deny Arnold's motion.

■ Finally, Arnold claims that the prosecutor's comment during closing argument that the amount of drugs involved was a "lot of crack" constituted plain error. Because this statement was consistent with the evidence presented at trial, we hold that there was no error. *See United States v. Cooper,* 173 F.3d 1192, 1203 (9th Cir.1999) (holding that a defendant must show that the prosecutor's misconduct materially affected the verdict).

**AFFIRMED.**