**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Griseldo ORTIZ–MONROY,**
**Defendant—Appellant.**

**No. 02–10421.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Craig S. Denney, Esq., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

George Paul Trejo, Jr., Esq., Yakima, WA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Griseldo Ortiz–Monroy appeals his sentence imposed following convictions for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326, and ten drug-related offenses in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(C). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ortiz–Monroy contends that the district court erred by considering hearsay in de-

termining whether to depart due to his treatment in pretrial detention. Hearsay with "some minimal indicia of reliability" may be considered in the sentencing phase. *United States v. Chee,* 110 F.3d 1489, 1492 (9th Cir.1997) (quoting *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993)). We review the district court's evaluation of reliability for abuse of discretion. *Id.* The hearsay in this case was corroborated by Ortiz–Monroy's own inconsistent testimony regarding the conditions of confinement. Therefore, the district court did not abuse its discretion in considering the corroborated hearsay. *See id.*

Ortiz–Monroy argues that the district court erred by finding that he was not entrapped. We review the district court's findings of fact during the sentencing phase for clear error. *United States v. Parrilla,* 114 F.3d 124, 127 (9th Cir.1997). A defendant must prove that he was a victim of sentencing entrapment because he had neither the intent nor the ability to produce the amount of drugs involved. *United States v. Naranjo,* 52 F.3d 245, 250 n. 13 (9th Cir.1995). Ortiz–Monroy produced no evidence regarding his lack of intent or ability to produce up to five pounds of methamphetamine. The Government produced evidence to the contrary. Therefore, the district court's finding that Ortiz–Monroy was not entrapped was not clearly erroneous. *See Parrilla,* 114 F.3d at 127.

Ortiz–Monroy also contends that the district court erred by finding that he was an organizer or leader in the commission of the drug crimes, leading to an upward adjustment. The district court did not commit clear error because its finding that

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ortiz–Monroy "at minimum had his kid brother and Sanchez under his direction" was "plausible in light of the record viewed in its entirety." *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

Ortiz–Monroy maintains that the district court erred by failing to grant a downward departure due to his pretrial detention in a county jail rather than a federal detention center. We lack jurisdiction to review the district court's discretionary decision not to depart. *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002), *cert. denied*, 537 U.S. 1144, 123 S.Ct. 948, 154 L.Ed.2d 844 (2003).

Finally, Ortiz–Monroy asserts that we should categorically "mandate to the lower court" a downward departure due to alienage. However, alienage is a suitable basis for departure only when out of the heartland of similar cases. *United States v. Davoudi*, 172 F.3d 1130, 1133–34 (9th Cir. 1999). We lack jurisdiction to review the district court's discretionary decision not to depart on the basis of Ortiz–Monroy's alienage. *See Romero*, 293 F.3d at 1126.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.