**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Roman ALARID, Defendant—
Appellant.**

No. 05–50912.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Oct. 26, 2006.

AUSA, Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

William Braniff, Esq., Law Offices of William Braniff, San Diego, CA, for Defendant–Appellant.

Before: FISHER and CALLAHAN, Circuit Judges, and COLLINS *, District Judge.

## MEMORANDUM **

Appellant Roman Alarid appeals the district court's application of a 2–level firearms enhancement to re-sentence him to 130 months in prison following his guilty plea to one count of conspiracy to distribute methamphetamine. We affirm the sentence.

■ After this court remanded Alarid's original sentence of 130 months for the district court to consider the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court held a new sentencing hearing and re-sentenced Alarid to 130 months in prison.[1] Alarid's appeal argues that there was an insufficient factual basis for applying the firearms enhancement, and that he was the victim of sentence entrapment.[2]

Guidelines § 2D1.1(b)(1) provides for a 2–level enhancement to the base level of a drug related offense "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1) (2005).

1. Because the parties are familiar with the underlying facts, we do not state them here.

2. In his reply brief, Alarid argued for the first time that his sentence was generally unreasonable. "[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa*

"The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n. 3.

In conspiracy cases, the enhancement under § 2D1.1(b)(1) applies if the conspirators' possession of a firearm "was reasonably foreseeable and furthered jointly undertaken criminal activity." *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir.2004). The informant initially told the Bureau of Alcohol, Tobacco, and Firearms that Alarid was selling unlicensed firearms, Alarid admitted brokering a deal for an Uzi sub-machine gun for Kerbey, and Alarid served as a lookout for transactions involving both methamphetamine and firearms. Alarid did not present sufficient evidence that it was clearly improbable that the weapons were connected to the offense. The presence of the firearms during the drug transactions increased the likelihood of violence and Alarid or his coconspirator may have used the weapons if they thought it necessary. *See, e.g., United States v. Dunlap*, 209 F.3d 472, 478–79 (6th Cir.2000).

Alarid also argues that the informant entrapped him into possessing the firearms, thus increasing his sentence. "Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." *United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir.1997) (citations and internal quotation marks omitted). The defendant bears the burden of proving sentencing entrapment by a

preponderance of the evidence. *Id.* Alarid has not satisfied his burden by introducing evidence that he was not predisposed to possessing firearms while selling narcotics, and the record indicates that Alarid certainly knew about the firearms sales and actively brokered the sale of an Uzi submachine gun.

For the foregoing reasons, the Appellant's sentence is AFFIRMED.

---

*Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001). Even if Alarid did not waive this argument, we would nonetheless reject it because the district court's sentence

was reasonable and nothing in the record suggests that the court believed it was constrained by the guidelines.