**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10139 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01145-GMS-3 |
| v. | |
| JORGE DANIEL LOPEZ-MEJIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 13, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Jorge Daniel Lopez-Mejia appeals his convictions for Conspiracy to Possess

with Intent to Distribute five kilograms or more of cocaine in violation of 21

U.S.C. §§ 846 , 841(a)(1), and 841(b)(1)(A)(ii) and Possession of a Firearm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c). Lopez-Mejia was arrested during a sting operation intended to catch criminals involved in home invasion robberies in which he and others were recruited to steal large quantities of cocaine from a fictional stash house.

Prior to trial, Lopez-Mejia joined in his codefendant's motion to dismiss his indictment because of outrageous government conduct. The district court denied the motion. A jury convicted Lopez-Mejia of both counts as charged. At sentencing, the court accepted the government's recommendation to reduce the base offense level recommended by the United States Probation Office's presentence report for Lopez-Mejia to reflect a cocaine amount of five-to-fifteen kilograms. The court denied Lopez-Mejia's sentencing entrapment claim and sentenced him to 120 months' imprisonment for Conspiracy to Possess with Intent to Distribute cocaine with a consecutive sixty-month sentence for Possession of a Firearm in Furtherance of a Drug Trafficking Offense. The court also ordered concurrent terms of five-years' supervised release for each count and forfeited his interest in his handguns. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo the district court's denial of a motion to dismiss for outrageous government conduct. *United States v. Gurolla*, 333 F.3d 944, 950 (9th

2

Cir. 2003). "[W]e view the evidence in the light most favorable to the government and we accept the district court's factual findings unless they are clearly erroneous." *Id.* The district court correctly found that the government's conduct was not outrageous. The government did not concoct, direct, and supervise Lopez-Mejia's crime from start to finish. *See id.* The government knew that there was an epidemic of violent home invasions occurring in the Phoenix area. Responding to that epidemic, the government formulated the instant scheme to ferret out criminals involved in such invasions. Pursuant to that scheme, a confidential informant introduced a government agent to two individuals who, the agent was told, were involved in home invasion robberies.

Those two individuals, not the agent, then recruited others (including Lopez-Mejia) to execute a home invasion robbery. Based on representations made to him by and about the individuals recruited to conduct the robbery, the agent had a reasonable basis for concluding that he was dealing with persons who had robbed homes before. Thus, even without the government agent, Lopez-Mejia and other recruits could have carried out the proposed home robbery. That the government agent provided an opportunity for such individuals to engage in criminal activity similar to what he believed they had done before does not shock "the universal

3

sense of justice mandated by the Due Process Clause of the Fifth Amendment." *Id.* at 950; *see also United States v. Bonanno*, 852 F.2d 434, 437-38 (9th Cir. 1988).

Lopez-Mejia also argues that the district court should have dismissed the indictment on the basis of outrageous government conduct pursuant to its inherent supervisory powers. *See United States v. Ramirez*, 710 F.2d 535, 541 (9th Cir. 1983). We review the district court's decision not to use this power for an abuse of discretion. *Id.* However, he did not raise this issue before the district court. *United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir. 1985) ("The rule is well-established that absent exceptional circumstances, an issue not raised below will not be considered on appeal."). Therefore, we will not consider it on appeal.

Lopez-Mejia also argues that his sentence was impermissibly lengthened through sentencing entrapment. "We review de novo a district court's interpretation and application of the Sentencing Guidelines, and we review its sentencing phase factual findings for clear error." *United States v. Schafer*, 625 F.3d 629, 639 (9th Cir. 2010). The district court's determination that the government did not engage in "sentencing entrapment" was not error. "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). "In

4

making a sentencing entrapment claim, the burden is on the defendant to demonstrate both the lack of intent . . . and the lack of the capability to [engage in a criminal transaction involving] the quantity of drugs at issue." *United States v. Naranjo*, 52 F.3d 245, 250 n.13 (9th Cir. 1995). The district court did not err in finding that Lopez-Mejia did not meet his burden of proving that he lacked the intent or means to conspire to rob a stash house. Additionally, the district court already departed downward from the sentencing range, giving Lopez-Mejia the equivalent of the sentencing entrapment remedy, so any error that may have occurred in the district court's sentencing entrapment analysis was harmless. *See United States v. Parilla*, 114 F.3d 124, 127 (9th Cir. 1997).

**AFFIRMED.**