**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DALE SCHAFER,
        *Defendant-Appellant.*

No. 08-10167

D.C. No.
2:05-cr-00238-FCD

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARION P. FRY,
        *Defendant-Appellant.*

No. 08-10169

D.C. No.
2:05-cr-00238-FCD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted
August 31, 2010—San Francisco, California

Filed November 8, 2010

Before: Betty B. Fletcher, Richard C. Tallman, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Tallman

18321

**COUNSEL**

Brenda Grantland, Esquire, Mill Valley, California; Barry L. Morris (argued), Esquire, Walnut Creek, California, for defendants-appellants Dale Schafer and Marion Fry.

Anne Pings (argued), Assistant United States Attorney; Sean C. Flynn, Assistant United States Attorney; Benjamin B. Wagner, United States Attorney, Sacramento, California, for plaintiff-appellee United States of America.

---

**OPINION**

TALLMAN, Circuit Judge:

Defendants-Appellants Dale Schafer and Marion Fry challenge federal convictions that arise from their operation of a medical marijuana growing operation and dispensary in the Sierra Nevada community of Cool, California. A jury found Appellants guilty of conspiring to manufacture and distribute at least 100 marijuana plants. The jury specifically convicted Schafer of manufacturing at least 100 marijuana plants and found Fry guilty of manufacturing fewer than 100 marijuana plants. Appellants raise three claims on appeal: (1) the district court improperly denied their motion to dismiss the indictment on a theory of entrapment by estoppel without conducting an evidentiary hearing; (2) the district court erred when it precluded Appellants from presenting an entrapment by estoppel defense and a medical necessity defense at trial; and (3) the district court should have reduced their sentences on a theory of sentencing entrapment. We have jurisdiction over their appeal under 28 U.S.C. § 1291, and we affirm.

**I**

Fry, a medical doctor, was diagnosed with breast cancer in

December 1997. She received a recommendation to use marijuana in early 1998 to help alleviate the side effects of the chemotherapy treatments she was undergoing. Consequently, Schafer, her husband and a practicing attorney, began cultivating marijuana plants for Fry's use. In July 1999, Fry contacted Detective Robert Ashworth, an officer with the El Dorado County Sheriff's Office, to inform deputies of the marijuana grow operation.[1] Detective Ashworth and Sergeant Timothy McNulty visited Appellants' residence and inspected their marijuana plants.

In late 1999, Schafer's cultivation of marijuana for his wife developed into a much larger marijuana recommendation and sales business, extending well beyond personal use amounts of marijuana. During the time that Schafer and Fry were operating their marijuana business, Ashworth and McNulty repeatedly visited their residence and office. On one particular occasion, Ashworth and McNulty visited Appellants to discuss the unrelated investigation and arrest of two of their former employees. The employees had been involved in a major marijuana growing operation on a rural ranch elsewhere in El Dorado County that was not affiliated with Appellants' business. That separate police raid and investigation involved law enforcement personnel from both local and federal narcotics units who cooperated with one another in a joint interagency task force.

Federal authorities with the Drug Enforcement Administration ("DEA") separately began investigating Appellants in late 2000 after a shipping company reported intercepting several packages containing marijuana sent from "Dale." This investigation included receiving reports from numerous undercover visits by local law enforcement operatives to Appellants' place of business for the purpose of obtaining

---

[1]Under California law, it was, and still is, legal to grow marijuana or to possess for personal use small amounts of marijuana as a palliative for illness. Cal. Health & Safety Code § 11362.5.

marijuana recommendations. The information gathered through these undercover investigations was then given to federal agents. Local and federal agents ultimately executed a federal search warrant at Appellants' business and home on September 28, 2001.

A federal grand jury returned an indictment against Appellants on June 15, 2005, charging them with one count of conspiring to manufacture and distribute marijuana plants, and one count of manufacturing at least 100 plants. Appellants filed a motion to dismiss the indictment, arguing that the United States could not prosecute them because of their defense of entrapment by estoppel. In support of their motion to dismiss, they filed a memorandum from the Office of National Drug Control Policy and a letter from the Attorneys General of Arizona and California. The attachments emphasized that local law enforcement officers would support federal attempts to enforce the federal laws criminalizing marijuana. In their motion to dismiss, Appellants alleged that both McNulty and Ashworth admitted that they were working on behalf of the federal government and further claimed that Officer McNulty had said Appellants' conduct was legal.

The United States opposed the motion, arguing that Appellants were not entitled to invoke an entrapment by estoppel defense because they had not relied on the representations of a federal official or an authorized agent of the federal government. The opposition included a declaration from McNulty denying that he ever represented himself as a federal official or that he encouraged Appellants to continue growing marijuana. Alternatively, the government contended that Appellants had not reasonably relied on any of the alleged misrepresentations. To prove lack of reliance, the government submitted copies of written recommendations distributed to "patients" by Appellants' business. These recommendations included a disclaimer that unequivocally stated that marijuana remained illegal under federal law.

At a hearing conducted to address the motion to dismiss, Appellants requested an evidentiary hearing for the purpose of resolving the conflict between the factual allegations in their pleadings and those in McNulty's sworn declaration. The district court denied Appellants' request and assumed for purposes of deciding the legal issue that McNulty was a federal official. Notwithstanding that assumption, the district court refused to dismiss the case because Appellants had not adequately shown that they relied on any alleged misinformation.

Before trial, the government filed a motion in limine seeking to prevent Appellants from asserting either a medical necessity defense or an entrapment by estoppel defense. The government argued that the Supreme Court's decision in *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483 (2001) [hereinafter *OCBC II*], precluded any entitlement by a defendant to rely on the claimed medicinal value of marijuana and prohibited Appellants from asserting a cognizable medical necessity defense. The government also sought exclusion of an entrapment by estoppel defense for the reasons stated in their opposition to Appellants' motion to dismiss—that McNulty and Ashworth were not federal officials or authorized agents of the federal government and Appellants did not reasonably rely on any of their alleged misrepresentations.

Appellants contested the applicability of *OCBC II* and argued that a retroactive application of the Supreme Court's decision would be a violation of the ex post facto clause. Although the district court had previously rejected Appellants' entrapment by estoppel defense, they asked that the district court "keep an open mind as to the characterization of the evidence." To further support their argument that McNulty and Ashworth were federal officials, Appellants submitted an affidavit from their attorney attesting to the fact that an agent with the DEA directed the investigations conducted by local law enforcement officers. Appellants incorporated excerpts of the police reports chronicling the investigation of Appellants'

business. These reports established that officers from local law enforcement agencies collaborated with federal agents to conduct undercover investigations of Appellants.

The district court granted the government's motion in limine. It reasoned that *OCBC II* applied retroactively because the decision "was foreseeable in light of a circuit split on the issue," and because marijuana had been illegal under federal law to use or possess since at least 1970. In the alternative, the district court found that the medical necessity defense was viable for only a limited time, and Appellants' illegal conduct began prior to the application of the defense and continued until after the Supreme Court rejected the defense. The district court affirmed its earlier denial of the entrapment by estoppel defense because Appellants "could not identify an authorized federal government official who erroneously told them it was permissible to sell marijuana."

After the federal jury returned a guilty verdict,[2] Appellants sought mitigation of their sentences on a theory of sentencing entrapment. They claimed that Ashworth encouraged them to continue growing medical marijuana, that he induced them into expanding the amount of marijuana they were growing, and that they were not predisposed to illegally grow marijuana. Again, Appellants requested an evidentiary hearing. The district court denied the request after concluding that Appellants had not shown that a federal official either bought or sold any marijuana or engaged in any transactions to make Appellants manufacture a higher number of marijuana plants. Appellants re-asserted their sentencing entrapment claim at sentencing. The district court interpreted our precedent to require active participation by a law enforcement officer in the purchase or sale of controlled substances, and it rejected

---

[2]As stated earlier, the jury found Schafer guilty of both the conspiracy and manufacturing at least 100 marijuana plants. It convicted Fry of the conspiracy and of manufacturing plants, but concluded that Fry had manufactured fewer than 100 plants.

Appellants' request for sentence mitigation because they could not show that Ashworth was actively involved in their production or distribution of marijuana. Consequently, Appellants were sentenced to the statutory minimum term of sixty months imprisonment. Appellants timely appeal their convictions and sentences.

## II

### A

Appellants' first challenge focuses on the district court's denial of their request for an evidentiary hearing on their motion to dismiss. They argue that they were entitled to an evidentiary hearing because the filings submitted in support of and in opposition to the motion to dismiss presented significant factual disputes. We review a district court's denial of an evidentiary hearing for an abuse of discretion. *United States v. Hagege*, 437 F.3d 943, 951 (9th Cir. 2006).

**[1]** Federal Rule of Criminal Procedure 12 allows a defendant to assert a defense in a pretrial motion if the merits of the defense can be determined "without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). However, if the pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) [hereinafter *Shortt*]. Doing so would "invade the province of the ultimate finder of fact." *Id.* (quoting *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976)).

**[2]** Appellants requested an evidentiary hearing to resolve two factual disputes presented by the motion to dismiss: (1) whether McNulty and Ashworth were federal officials or authorized agents of the federal government; and (2) whether McNulty and Ashworth erroneously informed Appellants that

their marijuana grow was legal under federal law.**³** These two factual disputes directly impacted the validity of Appellants' defense because to establish the defense Appellants were required to prove "reliance either on a federal government official empowered to render the claimed erroneous advice" or on "an authorized agent of the federal government" and "affirmative misleading" by a government official. *United States v. Brebner*, 951 F.2d 1017, 1026-27 (9th Cir. 1991). Thus, the factual disputes raised by the pretrial motion to dismiss were intertwined with the "general issue" to be decided at trial. The district court would have usurped the role of the jury had it conducted an evidentiary hearing and answered these factual questions. *Shortt*, 785 F.2d at 1452.

[3] Appellants' reliance on cases discussing the propriety of evidentiary hearings to resolve factual disputes raised by motions to suppress is misplaced. Generally, any factual differences highlighted by a motion to suppress do not impact the ultimate issue of guilt. Evidence must be suppressed when it is obtained in violation of a defendant's constitutional rights. *Mapp v. Ohio*, 367 U.S. 643, 655-56 (1961). A district court may make factual findings with regard to whether evi-

---

**³**We note a procedural defect in Appellants' attempt to create a factual dispute before trial. None of the averments were set forth in sworn declarations that would be competent evidence for consideration of pretrial motions. Eastern District of California Local Rule 230(h) provides: "Factual contentions involved in pretrial motions shall be initially presented and heard upon affidavits, except that the Court may in its discretion require or allow oral examination of witnesses." *See also* E.D. Cal. Rule 430.1(b) ("Motions and accompanying documents shall conform to the requirements of . . . these Rules."). Appellants' factual statements were raised as unsworn arguments of defense counsel in their pleadings. The district court would have been well within its rights to reject the request for an evidentiary hearing on this ground alone. *Cf. Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967). Given our conclusion that the issue was otherwise inextricably intertwined with the contested evidence the jury had to resolve at trial, we will overlook the procedural defect in the case before us. Trial counsel, however, would be well advised to follow the rules.

dence was unconstitutionally obtained because such issues are "entirely segregable" from the issue of guilt. *See generally Shortt*, 785 F.2d at 1452 (discussing the types of factual findings a district court can make to resolve pretrial motions). In this case, however, the questions raised by Appellants' motion to dismiss establish the viability of Appellants' defense; the factual disputes were not segregable from the issue that was to be decided at trial—Appellants' guilt. Pursuant to Rule 12, the district court could not resolve these disputes before trial, and therefore it did not abuse its discretion when it denied Appellants' request for an evidentiary hearing.

## B

In addition to challenging the district court's denial of an evidentiary hearing, Appellants argue that the district court further erred in denying their motion to dismiss on the merits. We review the denial of a motion to dismiss de novo. *United States v. Holler*, 411 F.3d 1061, 1065 (9th Cir. 2005).

**[4]** In order to succeed on their motion to dismiss, Appellants would have had to show that they were entitled to an entrapment by estoppel defense as a matter of law. In *Sherman v. United States*, 356 U.S. 369, 373 (1958), the Supreme Court found that the defendant had established entrapment as a matter of law because it did not need to "choos[e] between witnesses, nor judg[e] credibility" in order to determine the merits of the defense. Conversely, we have held that a defendant is not entitled to a defense of entrapment as a matter of law when there are "definite conflicts in the testimony on the issue of how [the defendant] began selling heroin." *United States v. Griffin*, 434 F.2d 978, 981 (9th Cir. 1970). When such conflicts arise, the issue of whether the defendant was entrapped "is a credibility question for the jury." *Id.*

**[5]** Whether Appellants were lulled into believing their marijuana operation was legal and done on the express authorization of agents who could bind the federal government

necessitated a credibility determination that fell within the province of the jury. *See id.*; *cf. Mathews v. United States*, 485 U.S. 58, 63 (1988) ("The question of entrapment is generally one for the jury, rather than for the court."). As such, the district court was precluded from holding that Appellants were entitled to an entrapment by estoppel defense as a matter of law until the jury resolved the truth of the factual dispute. It did not err when it denied Appellants' motion to dismiss on the merits.

## III

Appellants' next set of arguments contend that the district court improperly granted the government's motion in limine and prohibited Appellants from presenting entrapment by estoppel and medical necessity defenses. A district court's decision to exclude evidence of a particular defense is reviewed de novo. *Brebner*, 951 F.2d at 1024. A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense. *See United States v. Moreno*, 102 F.3d 994, 997-98 (9th Cir. 1996).

## A

**[6]** Entrapment by estoppel is the "unintentional entrapment by an official who mistakenly misleads a person into a violation of the law," and it is a theory derived from the due process clause. *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal quotation and citation omitted). To establish this defense, a defendant "must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told [the defendant] the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that [the] reliance was reasonable." *Id.* (internal quotations and citations omitted).

**[7]** An entrapment by estoppel defense is "available only when [the] defendant can demonstrate a reasonable belief that his conduct was sanctioned by the government." *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994). Even assuming what is ascribed to McNulty and Ashworth was true, Appellants failed to present evidence to the district court that they relied on the alleged erroneous statements. During pretrial proceedings, the government filed examples of the written marijuana recommendation forms issued to "patients" by Appellants' business and excerpts of prior sworn expert testimony given by Fry in an unrelated judicial proceeding. Each of the recommendations, dated from October 1999 to September 2001, contained a patient declaration that clearly stated that "cannabis remains illegal under Federal Law" and that Appellants had not represented otherwise. Fry's expert testimony, given on July 11, 2001, unequivocally established that Fry knew that marijuana remained a Schedule I controlled substance under federal law and that federal law prohibited her from prescribing it since any drug listed on Schedule I is deemed without medical efficacy. Appellants submitted no admissible evidence that refuted the recommendations and testimony or that supported an inference that they relied on any of the alleged misrepresentations of McNulty and Ashworth.

**[8]** Instead, the government's uncontradicted evidence established that Appellants were aware that marijuana was illegal under federal law during the time that McNulty and Ashworth allegedly stated that it was legal under federal law —Appellants were not misled into believing that their conduct was permissible under federal law. "The defense of entrapment by estoppel is inapplicable if the defendant is not misled." *United States v. Tallmadge*, 829 F.2d 767, 775 n.1 (9th Cir. 1987). Because Appellants failed to present prima facie evidence that they relied on representations made by either McNulty or Ashworth, they were not entitled to present an entrapment by estoppel defense to the jury.

**[9]** In light of Appellants' inability to establish reliance, we need not address their arguments regarding whether McNulty and Ashworth were de facto federal officials or authorized agents of the federal government. *See Moreno*, 102 F.3d at 998 (declining to address all of the elements of the defense of duress because the defendant presented no evidence of a lack of a reasonable opportunity to escape the threatened harm). The district court properly granted the government's motion in limine with regard to Appellants' asserted entrapment by estoppel defense.

**B**

**[10]** "[M]edical necessity is not a defense to manufacturing and distributing marijuana." *OCBC II*, 532 U.S. at 494. Appellants attempt to circumvent this clear holding of the United States Supreme Court by arguing that the exclusion of a medical necessity defense at their trial violated their due process rights[4] because we recognized the viability of such a defense for a portion of the time Appellants operated their marijuana business. *See United States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1114-15 (9th Cir. 1999), *overruled by OCBC II*, 532 U.S. 483 (2001) [hereinafter *OCBC I*]. They contend that any change in the viability of a medical necessity defense occasioned by the Supreme Court's decision was unforeseeable and therefore could not apply retroactively.

"[J]udicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been

---

[4]Appellants framed their challenge by relying on the ex post facto clause. However, the ex post facto clause applies only to the legislature and "does not of its own force apply to the Judicial Branch of government." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001). These limitations also apply to judicial decisionmaking through the due process clause. *Id.*

expressed prior to the conduct in issue." *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001) (internal quotation marks omitted); *see also United States v. Qualls*, 172 F.3d 1136, 1139 n.1 (9th Cir. 1999) ("Due process bars retroactive application of a judicial expansion of a law only if the change in the law is unforeseeable."). In *Rogers*, the Supreme Court held that the Tennessee Supreme Court's abolition of the "year and a day rule" did not constitute the "sort of unfair and arbitrary judicial action against which the Due Process Clause aims to protect." 532 U.S. at 466-67. Although the "year and a day rule" had been recognized in Tennessee for almost 100 years, it "was a principle in name only, having never once been enforced." *Id.* at 465-66. The state supreme court's decision to invalidate the doctrine was thus "a routine exercise of common law decisionmaking in which the court brought the law into conformity with reason and common sense." *Id.* at 467.

**[11]** The Supreme Court's *OCBC II* decision is analogous to the Tennessee Supreme Court's decision. Notwithstanding our temporary indication that a medical necessity defense was legally cognizable, *OCBC I*, 190 F.3d at 1114, it was not "unforeseeable" that the Supreme Court would reject the implementation of a defense that had not theretofore been applied. In fact, it was "an open question whether federal courts ever have authority to recognize a necessity defense not provided by statute." *OCBC II*, 532 U.S. at 490. Despite the opinion held in some medical and scientific circles that marijuana can be effectively used for medicinal purposes, such a defense would directly contradict congressional findings dating back to 1970 that marijuana, as a Schedule I drug, has no medicinal use. Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236, 1247-49.

**[12]** Furthermore, Appellants' reliance on *OCBC I* was unfounded. Our decision recognizing a medical necessity defense did not occur until almost six weeks after the alleged beginning of Appellants' conspiracy. When conducting a due process foreseeability analysis, we must "look only to cases

decided before the crime was committed" because the focus is on notice to the defendant. *Clark v. Brown*, 450 F.3d 898, 912 (9th Cir. 2006). Appellants cited no federal precedent prior to the initiation of their conduct that allowed a defendant to successfully assert a medical necessity defense. The Supreme Court's refusal to accept such a defense—when it had not been recognized by Congress and which undermined congressional findings—is not the typical "unpredictable departure from prior precedent" that warrants holding the Court's final decision cannot be retroactively applied. *Rogers*, 532 U.S. at 467. The district court did not err when it prohibited Appellants from presenting a medical necessity defense.

## IV

Appellants' last argument contests the district court's denial of their request for an evidentiary hearing on their claim for mitigation of sentence on a theory of sentencing entrapment. The district court rejected Appellants' request because they had not established a factual basis supporting their allegation that a government official actively induced them to manufacture and distribute more marijuana than they were otherwise predisposed to manufacture. We review de novo a district court's interpretation and application of the Sentencing Guidelines, and we review its sentencing phase factual findings for clear error. *United States v. Naranjo*, 52 F.3d 245, 248 (9th Cir. 1995).

[13] "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). The defendant must show that the government participated in "outrageous official conduct which caused the individual to commit a more significant crime for which a greater penalty attaches." *United States v. Si*, 343 F.3d 1116, 1128 (9th Cir. 2003). The underlying principle is that it is impermissible for the government to "structure sting

operations in such a way as to maximize the sentences imposed on defendants" without regard for the defendant's culpability or ability to commit the crime on his own. *United States v. Staufer*, 38 F.3d 1103, 1107 (9th Cir. 1994).

**[14]** We have never found sentencing entrapment unless it involves active inducement by government officials. For example, in *Staufer*, the defendant maintained that he wanted to sell only 5,000 doses of LSD (lysergic acid diethylamide) to the confidential informant and undercover agent. 38 F.3d at 1105. However, the informant and agent insisted that the defendant provide 10,000 doses. *Id.* The district court sentenced the defendant using the higher quantity of drugs, and we reversed. *Id.* at 1105, 1108. We held that the defendant was entitled to a lesser sentence because it was the government's involvement that led him to engage in a transaction of a greater magnitude. *Id.* at 1107-08. We recognized the "unfairness and arbitrariness of allowing drug enforcement agents to put unwarranted pressure on a defendant in order to increase his or her sentence." *Id.* at 1107.

Subsequent precedent affirms the necessity of more than passive government involvement. *See, e.g.*, *United States v. Haynes*, 216 F.3d 789, 799-800 n.9 (9th Cir. 2000) (finding sentencing entrapment inapplicable because the police officers "in no way led [the defendants] to create or enhance" the marijuana grown); *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir. 1999) (remanding for resentencing due to a lack of factual findings on sentencing entrapment claim where the defendant argued that the amount of the second sale of drugs was larger due to the undercover officer's request for a higher amount); *United States v. Parrilla*, 114 F.3d 124, 127-28 (9th Cir. 1997) (remanding for a factual determination on whether the defendant was entrapped into trading cocaine for a gun and stating that such entrapment would preclude the application of a two-level enhancement for possessing a firearm in connection with drugs).

**[15]** In support of Appellants' sentencing entrapment claim, Schafer later submitted affidavits that alleged that McNulty and Ashworth told Appellants that their conduct complied with the law. Even if we accept Schafer's allegations as true, there is no evidence that either McNulty or Ashworth directed Appellants to grow more marijuana or offered them something in exchange for the production of higher amount of plants. There is simply no allegation of active government involvement. We decline to hold that Appellants are entitled to lesser sentences because government officials failed to inform them that their conduct was illegal.

**[16]** Consequently, Appellants' affidavits are insufficient to establish a prima facie showing of sentencing entrapment, and it was not an abuse of discretion for the district court to deny their request for an evidentiary hearing. *See United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) ("[I]f the affidavits show as a matter of law that appellant was or was not entitled to relief, no [evidentiary] hearing was required."). There is simply no basis for sentence mitigation on this issue.

**V**

For the reasons outlined above, the judgments and sentences entered against Schafer and Fry by the district court are

**AFFIRMED**.