**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50577 |
| Plaintiff - Appellant, | D.C. No. 3:02-cr-03171-IEG-1 |
| v. | |
| DAVID DWIGHT WILLIAMS, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50578 |
| Plaintiff - Appellee, | D.C. No. 3:02-cr-03171-IEG-1 |
| v. | |
| DAVID DWIGHT WILLIAMS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted April 11, 2012
Pasadena, California

_____

*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, Senior District Judge.[**]

Defendant David Williams was charged with, inter alia, conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. He requested a jury instruction on sentencing entrapment, but the district court declined to give his requested instruction, holding that sentencing entrapment was a question for the sentencing judge, not the jury. Williams then entered a conditional guilty plea in which, inter alia, Williams: (1) pled guilty to a drug trafficking conspiracy involving one hundred kilograms of cocaine; (2) reserved his right to present his sentencing entrapment defense to the district court at sentencing; and (3) reserved his right to appeal the denial of his requested jury instruction. At sentencing, the district court found that Williams had been the victim of sentencing entrapment, justifying a sentence below the ten-year statutory mandatory minimum for a § 841 violation involving five kilograms or more of cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii). The district court sentenced Williams to five years on the § 841 count, for a total sentence of ten years. The government now appeals Williams's sentence which

---

[**] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

was below the mandatory minimum, and Williams conditionally cross-appeals the refusal to give a jury instruction on sentencing entrapment.

We affirm. In his written plea agreement and in the plea colloquy, Williams reserved his right to assert sentencing entrapment at sentencing. We see no reason why the parties could not agree that Williams's guilty plea would be contingent on his ability to raise sentencing entrapment at sentencing. The district court accepted the agreement with that reservation and, ultimately, acted upon it. Moreover, the government's agreements should be enforced. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002); *cf. United States v. Briggs*, 623 F.3d 724, 727, 730 (9th Cir. 2010).

We cannot now disregard that principle and declare that for purposes of his plea Williams agreed to the one hundred kilograms of cocaine, if he could argue at sentencing that it was due to sentencing entrapment, but he is bound to the first part of the agreement and is not entitled to enforce the second part. That result would be anoetic.

The government also challenges the district court's finding that Williams was in fact subjected to sentencing entrapment. We disagree. The district court did not clearly err in finding that the government structured the sting operation in such a way as to maximize the sentence imposed upon Williams without regard for

his culpability or ability to commit the crime on his own. *See United States*

*Schafer*, 625 F.3d 629, 639–640 (9th Cir. 2010).

Because we affirm Williams's sentence in the government's appeal, we need

not, and do not, reach Williams's conditional cross appeal.

**AFFIRMED**.

**USA v Willams 10-50577+**

SILVERMAN, Circuit Judge, dissenting:


As I see it, Williams's guilty plea — in which he specifically admitted that his crime involved more than five kilograms of cocaine — triggered the ten-year statutory mandatory minimum without further ado. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Since such a sentence is, indeed, mandatory, the parties could not legally stipulate to a procedure allowing the sentencing judge to go below the mandatory minimum. *See United States v. Haynes*, 216 F.3d 789, 799 & n.8 (9th Cir. 2000). If Williams wanted to preserve his argument that he had been entrapped as far as the quantity of drugs was concerned, he should not have pled guilty to the drug quantity charged in the indictment. Once he did so, his goose was cooked. *See United States v. Briggs*, 623 F.3d 724, 730 (9th Cir. 2010).


If Williams was misled to enter his plea under the mistaken impression that he could *both* plead guilty to a crime involving one hundred kilograms of cocaine *and also* claim sentencing entrapment before the sentencing judge, his remedy would be to withdraw his plea. But that's not what he seeks to do.


Turning to Williams's conditional cross appeal of the denial of his requested

jury instruction, we have held that drug types and quantities triggering higher statutory maximum sentences under 21 U.S.C. § 841(b) are jury questions under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002) (en banc). So too are defenses to those drug types and quantities. *See United States v. Escobar de Bright*, 742 F.2d 1196, 1201–02 (9th Cir. 1984); *Jacobson v. United States*, 503 U.S. 540, 548–49 (1992). Thus, the district court erred in holding that Williams could not try to a jury his defense that he was entrapped as to the drug quantity.

I would reverse Williams's conviction and sentence and remand the case for trial.