**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50025 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00548-PA-1 |
| v. | |
| AARON SANDUSKY, AKA Aaron Tucker, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 3, 2014[**]
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Defendant Aaron Sandusky appeals his convictions under 21 U.S.C. §§ 846

and 841(a)(1), as well as his sentence to 120 months' imprisonment. We have

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

It is unclear whether Sandusky asserts a claim of vindictive or selective prosecution. Regardless of the theory he advances, our review is de novo. *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011); *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007). Assuming that Sandusky intended to assert vindictive prosecution, his claim fails because he has not adduced evidence indicating even the appearance of vindictiveness. *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995). What is more, Sandusky has not alleged any improper motive attributable to the federal government. *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003) ("[T]here is nothing inappropriate or vindictive about a state law enforcement agency referring potential violations of federal law to federal authorities."). Assuming that Sandusky intended to assert selective prosecution, his claim fails because he has not identified other similarly situated individuals who have not been prosecuted. *Sutcliffe*, 505 F.3d at 954. Moreover, as just noted, Sandusky has not alleged an impermissible motive. *Id.*; *Culliton*, 328 F.3d at 1081. Therefore, the district court properly denied Sandusky's pretrial motion to dismiss the indictment.

Sandusky argues that the government lacked power under the Commerce Clause to prosecute him and that the Tenth Amendment forbade such prosecution. "We review de novo the district court's determination of the constitutionality of a

federal statute." *United States v. Jones*, 231 F.3d 508, 513 (9th Cir. 2000). Here, binding precedent squarely forecloses Sandusky's arguments. *Gonzales v. Raich*, 545 U.S. 1, 22, 29-33 (2005); *Raich v. Gonzales*, 500 F.3d 850, 867 (9th Cir. 2007).

Sandusky claims that the district court deprived him of a fair trial by excluding all evidence of entrapment by estoppel. "A district court's decision to exclude evidence of a particular defense is reviewed de novo. A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (citation omitted). The district court properly excluded an entrapment by estoppel defense in this case. No authorized government official ever affirmatively told Sandusky that his marijuana operations were permissible. *Id*. In addition, the fact that Sandusky incorporated G3 Holistic on October 6, 2009, conclusively establishes that he did not rely on any government action that occurred thereafter. *Id*. Finally, the record demonstrates that Sandusky was never actually misled. *United States v. Tallmadge*, 829 F.2d 767, 775 n.1 (9th Cir. 1987). For example, in a July 2, 2010, interview, Sandusky acknowledged that marijuana "[was] still an illegal drug" and that he could go to jail. Accordingly, the district court properly

granted the government's motion in limine with regard to Sandusky's asserted entrapment by estoppel defense.

Sandusky claims that his 120-month mandatory minimum sentence was not supported by sufficient evidence. "When properly preserved, we review sufficiency-of-evidence challenges by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. King*, 735 F.3d 1098, 1106 (9th Cir. 2013). Because Sandusky failed to preserve his sufficiency-of-evidence challenge, however, we apply plain-error review. *Id.* "Under plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). At trial, Sandusky's co-conspirators testified that they were involved in growing and distributing more than 1,000 plants for Sandusky. Government agents also testified that they collectively seized more than 1,000 plants during the November 2011 search of the Ontario warehouse. Viewing this evidence in the light most favorable to the prosecution, a rational jury easily could have found that the government proved the existence of 1,000 plants under counts one and two of the indictment. Consequently, there was no plain error.

Sandusky contends that the district court improperly excused "jurors who never exactly said that they would definitely vote against the Government no matter what." A district court's decision to excuse a juror for cause is reviewed for abuse of discretion. *United States v. Lindsey*, 634 F.3d 541, 553 (9th Cir. 2011). The district court excused only those jurors who said either that they could not be impartial or that they were uncertain whether they could be impartial. Where these prospective jurors represented to the court that they could not be impartial, the district court necessarily acted within its broad discretion to excuse a juror for cause. Even where these prospective jurors were ambiguous about whether they could be impartial, the district court acted within its discretion to excuse a juror for cause. *Uttecht v. Brown*, 551 U.S. 1, 7 (2007). Therefore, because none of the excused jurors unambiguously stated that he could be impartial, none of the district court's decisions in voir dire can be deemed an abuse of discretion.

**AFFIRMED.**