**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10125 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01145-GMS-2 |
| v. | |
| JESUS VELASQUEZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted December 8, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Jesus Velasquez-Lopez was convicted of conspiring to possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking offense. Velasquez-Lopez timely appealed, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Because the government's alleged conduct in the reverse sting operation was not "so grossly shocking as to violate the universal sense of justice," Velasquez-Lopez failed to meet the extremely high standard required to secure the dismissal of his indictment. *United States v. Bonanno*, 852 F.2d 434, 437 (9th Cir. 1988); *see United States v. Black*, 733 F.3d 294, 310 (9th Cir. 2013), *cert. denied sub nom. Mahon v. United States*, 135 S. Ct. 266 (2014). The government did not recruit Velasquez-Lopez, nor did the government engineer and direct the criminal enterprise from start to finish. *See Black*, 733 F.3d at 306-07; *United States v. Fernandez*, 388 F.3d 1199, 1238-40 (9th Cir. 2004).

2. The district court did not plainly err in declining to exercise its supervisory powers to dismiss the indictment. *See Black*, 733 F.3d at 310 n.12.

3. Velasquez-Lopez was not entrapped as a matter of law. Given the evidence in the record, it is not "patently clear that [Velasquez-Lopez was] an otherwise innocent person [who] was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *United States v. Smith*, 802 F.2d 1119, 1124 (9th Cir. 1986). Additionally, viewing the evidence in the light most favorable to the government, there was sufficient evidence presented to support the jury's verdict. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

4. The district court did not commit clear error in finding that Velasquez-Lopez failed to prove sentencing entrapment. *See United States v. Schafer*, 625 F.3d 629, 639-40 (9th Cir. 2010). "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment." *United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009). In this case, the amount of drugs purported to be in the stash house never changed, and Velasquez-Lopez voluntarily participated in the crime for the purpose of making a profit. Further, upon a recommendation from the government, the district court twice departed downward when sentencing Velasquez-Lopez to avoid the potential argument of sentencing entrapment. *See United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir. 1997).

**AFFIRMED**.