NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND C. FOSS, | No. 17-15652 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00686-TLN-DB |
| v. | |
| TODD ROWEN, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

California state prisoner Raymond C. Foss appeals pro se from the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging false arrest and imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Foss's action as time-barred because, even with the benefit of statutory tolling and accepting Foss's argument that his claim accrued in October 2006, Foss failed to file this action within the applicable statute of limitations, and equitable tolling did not apply. *See* Cal. Code Civ. Proc. § 335.1 (two-year statute of limitations for personal injury claims); *Jones*, 393 F.3d at 927 (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (three-pronged test for equitable tolling in California).

The district court did not abuse its discretion by not holding an evidentiary hearing. *See United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010) (denial of evidentiary hearing is reviewed for abuse of discretion).

The district court did not abuse its discretion by denying Foss's motion for appointment of counsel because Foss did not show exceptional circumstances warranting such an appointment. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

We reject as unsupported by the record Foss's contention that he was prejudiced by defendant raising new issues in the reply brief because Foss was

2                                                                          17-15652

given an opportunity to file a sur-reply brief.

**AFFIRMED.**