**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30277 |
| Plaintiff-Appellee, | D.C. No. 6:16-cr-00002-SEH-1 |
| v. | |
| TRENT SCENTAIL SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 5, 2017[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Trent Scentail Smith appeals the 210-month sentence imposed following his guilty plea to eight methamphetamine-trafficking offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Smith first contends that it was error to apply the two-level firearm enhancement under the Sentencing Guidelines, U.S.S.G. § 2D1.1(b)(1). Application of the enhancement was not an abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Smith pled guilty to eight drug-related offenses, including conspiracy to possess and distribute methamphetamine from approximately November 2014 to July 2015. During that timeframe, police found a nine millimeter Ruger handgun, which Smith concedes belonged to him, in his apartment along with drugs, a scale, and drug paraphernalia. Police later found a loaded magazine compatible with the handgun in Smith's car along with several pounds of methamphetamine. Given these facts, it is not "clearly improbable" that Smith possessed the handgun in connection with the conspiracy to possess and distribute methamphetamine. *See* U.S.S.G. § 2D1.1(b)(1) app. n. 11; *United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015).

Smith next contends that the amount of methamphetamine used to calculate his base offense level should have been reduced because the government engaged in sentencing entrapment and sentencing manipulation. There was no error in rejecting Smith's contention of sentencing entrapment. The finding that Smith "was a willing seller of an unlawful substance [who] undertook that course of conduct willingly" was not clearly erroneous given Smith's concessions regarding the amount of methamphetamine he previously transported and his offers to sell increased amounts

2

during controlled buys. *See United States v. Schafer*, 625 F.3d 629, 639–40 (9th Cir. 2010).

Likewise, there was no error in rejecting Smith's contention of sentencing manipulation. One of the investigating officers testified during the sentencing hearing and identified several legitimate law enforcement purposes for continuing the investigation. *See United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir. 1995). Therefore, it was not clear error to find that Smith failed to demonstrate law enforcement continued its investigation solely for the purpose of increasing his sentence. *See id.*

**AFFIRMED.**