**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-610 |
| Plaintiff - Appellee, | D.C. No. 6:22-cr-00317-MC-1 |
| v. | MEMORANDUM* |
| ANNE HANKINS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 10, 2024**
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and OWENS, Circuit
Judges.

Appellant Anne Hankins pleaded guilty to one count of wire fraud and one

count of money laundering.  She now appeals the district court's denial of an

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidentiary hearing.  We dismiss Hankins's appeal as barred by the appellate waiver in her plea agreement.  Alternatively, even if this appeal were not barred by the appellate waiver, we conclude that the district court did not abuse its discretion in denying Hankins's request for an evidentiary hearing.

## I

We review de novo whether a defendant has waived her right to appeal under a plea agreement.  *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021).  We review the denial of a motion for an evidentiary hearing for abuse of discretion.  *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010).

## II

In September 2022, Hankins pleaded guilty to one count of wire fraud (18 U.S.C. § 1343) and one count of money laundering (18 U.S.C. § 1957).  As part of her plea agreement, Hankins agreed to waive her right to appeal:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.

After Hankins pleaded guilty, the U.S. Attorney's Office issued a press release, which set out the factual basis of the plea and included two quotes from

government officials. One official described Hankins as a "serial fraudster"; the other stated that Hankins "stole money."

Before sentencing, Hankins filed a motion to dismiss based on prosecutorial misconduct related to the press release, and she requested an evidentiary hearing to develop this claim. The district court denied both the motion to dismiss and the request for an evidentiary hearing.

## III

An appellate waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citation omitted). Hankins argues that her waiver of appeal was not knowingly or voluntarily made and that this appeal falls outside the scope of the plea agreement's express waiver. Alternatively, Hankins argues that even if she waived her right to appeal, we should still consider the merits of this appeal because declining to do so constitutes a "miscarriage of justice." *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022) (citation omitted). We conclude that Hankins's arguments lack merit.[1]

---

[1] Hankins also contends that she did not waive her right to appeal because "[a] criminal defendant's ability to seek redress for Government misconduct is not waived or precluded by a Plea Agreement where such misconduct occurs *after* the entry of the Plea Agreement." We decline to consider this argument as Hankins does not develop it or cite any authority for this proposition. *See United States v. Cazares*,

First, there is no indication that Hankins's waiver of appeal was not knowing or voluntary. In signing the plea agreement, Hankins represented that she "carefully reviewed every part of th[e] agreement with [her] attorney"; "underst[ood] and voluntarily agree[d] to its terms"; and "expressly waive[d] [her] rights to appeal as outlined in th[e] agreement." The minutes of the plea hearing show that the magistrate judge entered a finding that the guilty plea was "knowing and voluntary." *See United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996); Fed. R. Crim. P. 11(b)(1)(N), (2). And on appeal, Hankins represents that she entered into the plea agreement "[a]fter eighteen months of thorough and thoughtful negotiations."

Second, "the express language of the plea agreement" shows that Hankins's appellate waiver encompasses this appeal. *Lo*, 839 F.3d at 784 (citation omitted). This waiver limits permissible appeals to three narrow exceptions, none of which apply here. *See Goodall*, 21 F.4th at 561–62.

Third, Hankins does not cite any authority to support her contention that the government's conduct here constitutes a miscarriage of justice. In any event, on these facts, declining to review this appeal is unlikely to result in a miscarriage of justice because the district court permitted Hankins to present evidence at sentencing

---

788 F.3d 956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review." (citing *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992))).

regarding any prejudice stemming from the government's press release; credited her mitigating evidence; and sentenced Hankins below the sentencing guideline range.

IV

Alternatively, even if Hankins's appeal were not precluded by the appellate waiver, we conclude that the district court did not abuse its discretion in denying Hankins's request for an evidentiary hearing. An evidentiary hearing is required if "a material issue of fact were raised 'which if resolved in accordance with (appellant's) contentions would entitle him to relief.'" *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) (quoting *Wright v. Dickson*, 336 F.2d 878, 881 (9th Cir. 1964)).

Here, the district court did not abuse its discretion in determining that an evidentiary hearing was unnecessary because Hankins's factual allegations, even if true, did not demonstrate that she was entitled to relief. A district court "may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation," or "if the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers." *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008) (citation omitted) (cleaned up). Hankins's allegations do not show that dismissal of the superseding information was warranted under either theory.

To violate due process, government conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991) (citation omitted). Hankins argues that the government's conduct was outrageous because the government "intentionally publish[ed] untrue and inflammatory statements about a defendant during the pendency of a criminal case." However, the district court noted that Hankins "stands convicted of two federal fraud cases." As a result, the district court agreed with the government that while the "the use of 'serial fraudster' is 'unfortunate,' it is not inaccurate." It was not an abuse of discretion for the district court to conclude that the government's press release did not constitute outrageous conduct amounting to a due process violation.

"Under its supervisory powers, a district court may dismiss an indictment with prejudice for prosecutorial misconduct only if there is '(1) flagrant misbehavior and (2) substantial prejudice'" and "where no lesser remedial action is available." *United States v. Bundy*, 968 F.3d 1019, 1023, 1031 (9th Cir. 2020) (citations omitted). Hankins has not shown that the government's conduct constitutes flagrant misbehavior. *See, e.g., id.* at 1043–45 (affirming dismissal under the district court's supervisory power where the government's conduct involved mid-trial *Brady* violations coupled with "material misrepresentations" to the trial court); *Chapman*, 524 F.3d at 1085 (same). Nor has Hankins shown substantial prejudice. The district

court permitted Hankins to present at sentencing any evidence she would have presented at an evidentiary hearing and imposed a sentence well below the applicable advisory guideline range.[2] Finally, Hankins failed to show "a lesser remedy" was not available. *See, e.g.*, *Bundy*, 968 F.3d at 1031 (describing dismissal with prejudice as the "most drastic remedy" because it "prevents the government from retrying the defendants at all").

V

We conclude that Hankins waived her right to bring the instant appeal. Alternatively, we conclude that the district court did not abuse its discretion in denying Hankins's request for an evidentiary hearing.

**APPEAL DISMISSED.**

---

[2] The uncontested sentencing guideline range was 37 to 46 months. After the government recommended a three-level downward variance for acceptance of responsibility, the guideline range was 27 to 33 months. The government recommended a sentence at the low end of that range. The district court then varied downward before imposing a custodial sentence of twelve months and one day.