NOT FOR PUBLICATION

**FILED**

JAN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BRIAN BELAND,<br><br>Defendant - Appellant. | No. 23-2352<br><br>D.C. No.<br>2:19-cr-00021-WBS-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DENAE BELAND,<br><br>Defendant - Appellant. | No. 23-2355<br><br>D.C. No.<br>2:19-cr-00021-WBS-2 |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 5, 2024
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.[**]

Following a jury trial, Brian Beland was convicted of filing false tax returns, 26 U.S.C. § 7206(1), and he and his spouse, Denae Beland, were both convicted of corruptly endeavoring to impede an Internal Revenue Services (IRS) audit, 26 U.S.C. § 7212(a). Defendants appeal (1) the district court's denial of their motion to dismiss the indictment or in the alternative suppress evidence and (2) their 26 U.S.C. § 7212(a) jury convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. ***Motion to Dismiss the Indictment.*** Defendants argue that the district court erred in denying their motion to dismiss the indictment on the grounds that the IRS affirmatively misled them and misrepresented the nature of their audit.[1] We review the denial of a motion to dismiss an indictment as well as the denial of a motion to suppress de novo, but we review the district court's factual findings for clear error. *United States v. Schafer*, 625 F.3d 629, 636 (9th Cir. 2010); *United States v. Moore*, 770 F.3d 809, 812 (9th Cir. 2014).

---

[**] The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

[1] In addition, to the extent that Defendants raise a Fifth Amendment due process argument, it lacks merit. While the United States may violate a defendant's Fifth Amendment due process rights if it "has brought a civil action solely to obtain evidence for its criminal prosecution or has failed to advise the defendant in its civil proceeding that it contemplates his criminal prosecution," *United States v. Kordel*, 397 U.S. 1, 11–12 (1970), the IRS did not run afoul of these principles here.

"It is a well established rule in this and other circuits that a consent search is unreasonable under the Fourth Amendment if the consent was induced by the deceit, trickery or misrepresentation of the Internal Revenue agent." *United States v. Robson*, 477 F.2d 13, 17 (9th Cir. 1973). Thus, an IRS agent must not affirmatively mislead a taxpayer into participating in an investigation whether by misrepresenting that the proceeding is "exclusively civil in nature and will not lead to criminal charges," *id.* at 18, or by other means of deceit, *see Cardwell v. Kurtz*, 765 F.2d 776, 780–81 (9th Cir. 1985). A defendant has the burden of establishing by "clear and convincing evidence" that the agency engaged in "actual deception or trickery." *United States v. Bridges*, 344 F.3d 1010, 1020 (9th Cir. 2003).

The district court did not err in finding that Defendants failed to show that the IRS made affirmative misrepresentations to obtain Defendants' consent to participate in the civil audit. First, Defendants have not established that the IRS affirmatively misrepresented that their information would not be shared with the agency's Criminal Investigations (CI) unit by simply offering proof that the agents told them that they "would not disclose to anyone the information you give us." This statement does not rise to an affirmative misrepresentation, especially considering that Defendants were repeatedly provided written notice that the IRS may share their information with the Department of Justice for purposes of enforcing criminal laws. *See United States v. Stringer*, 535 F.3d 929, 940–41 (9th Cir. 2008) (concluding that

defendant could not be affirmatively misled that investigation was exclusively civil when he received notice warning him of potential criminal ramifications).

Second, Defendants have not provided clear and convincing evidence that the IRS made an affirmative misrepresentation in failing to inform them that it had communicated with Certified Public Accountant (CPA) Prod'hon, who had previously discussed elements of the Belands' case with an agent while working with the IRS on a different matter. While Defendants requested that the IRS provide them with its "third party contacts," the IRS was under no obligation to disclose its discussion with CPA Prod'hon because this conversation did not meet the IRS's definition of a third-party contact.

Third, Defendants have not met their burden to prove that the IRS invalidly obtained their consent to extend the statute of limitations for their 2011 tax year civil audit by informing them that they would lose their appellate rights if they failed to comply. As the IRS never successfully obtained Defendants' consent to make this extension, Defendants have not shown that these statements, whether misrepresentations or not, induced any specific action on their part. *See Robson*, 477 F.2d at 17; *Cardwell*, 765 F.2d at 780–81. Moreover, Defendants have not demonstrated that the IRS made a false statement given that Defendants would have surrendered their ability to seek administrative review by the IRS's Office of Appeals under such conditions. *See Robson*, 477 F.2d at 18.

23-2352

Lastly, Defendants have not established that the IRS affirmatively misrepresented the nature of its investigation when it continued its civil audit after allegedly finding enough evidence to pursue a criminal investigation. Even assuming the IRS had found "firm indications of fraud" prior to the close of Defendants' civil audit, Defendants have not provided clear and convincing evidence that the audit no longer served any civil purpose. While Defendants allege that the CI unit was involved in the investigation while the civil investigation was progressing, the only support for that contention is a single stray email comment that multiple IRS agents testified under oath was erroneous. Moreover, even if the CI unit was involved, Defendants have not identified instances in which the IRS misinformed them that the proceeding was exclusively civil or that the CI unit was not involved in the matter. *See Robson*, 477 F.2d at 18; *Stringer*, 535 F.3d at 941.

For these reasons, we affirm the district court's denial of Defendants' motion to dismiss the indictment.[2]

2. ***26 U.S.C. § 7212(a) Judgments of Conviction.*** Defendants argue that their convictions for impeding the IRS's audit pursuant to 26 U.S.C. § 7212(a) cannot be sustained because the prosecution and district court constructively amended the grand jury's indictment in violation of their Fifth Amendment rights. Because

---

[2] Although the district court structured its analysis around the Eighth Circuit's test in *United States v. Grunewald*, 987 F.2d 531, 534 (8th Cir. 1993), we would reach the same result under the *Grunewald* factors.

Defendants did not raise these objections at trial, we review for plain error. *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014).

Under the Fifth Amendment, "[a] constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *Id.* at 1190 (internal quotation marks and citation omitted). We must examine both (1) the "nature of the proof offered at trial" and (2) "the jury instructions as a reflection of the indictment" to determine whether the district court "expand[ed] the conduct for which the defendant could be found guilty beyond [the] bounds" of the indictment. *Id.* at 1190, 1191.

Here, there was no plain error. In the indictment, Defendants were charged with corruptly making false statements to agents and corruptly preparing and submitting documents listing false business expenses. While Defendants contend that the prosecution argued that the jury could find them guilty of obstruction solely for failing to turn over financial documents, not permitting the IRS to interview them at their home, and not amending their tax returns, these allegations were fairly encompassed within the indictment. The record reflects that the government used these facts to illuminate that Defendants (1) lied when they stated they lost their financial records; (2) knew that their documentation and purchases would reveal that their claimed expenses were personal and not for business purposes; (3) lied in

reconstructing their business records; and (4) were aware that their taxes were flawed despite their contentions to the contrary. Accordingly, the prosecution used this as evidence that Defendants engaged in the indicted conduct. *See Ward*, 747 F.3d at 1191. Moreover, the district court provided jury instructions that further ensured that Defendants would be convicted only on the grounds charged in the indictment. *See id.* Thus, the district court was under no obligation to provide a more specific unanimity instruction given these circumstances. *See United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986).

**AFFIRMED.**